OPINION
{¶ 1} Defendant-appellant Theodore Roosevelt Barker appeals the May 3, 2004 Judgment Entry of the Stark County Court of Common Pleas denying his motion to suppress evidence. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On March 3, 2004, Canton Police Officers patrolled the area around Stella's Lounge in Canton, Ohio, an area known to have high drug activity. At roll call, prior to their shift, the officers were informed of a complaint regarding a red Cadillac allegedly dealing drugs in the Stella's Lounge parking lot.
 {¶ 3} While on patrol, the officers noticed a red car in the area behind Stella's Lounge. The car was running, but the lights were turned off. As the officers approached the vehicle, a female stood outside the vehicle on the passenger side, with the door open, leaning into the car. Appellant sat in the driver's seat.
 {¶ 4} The officers exited their vehicle ordering the individuals to raise their hands. The female complied, but appellant did not immediately comply. Rather, the officers observed through the windshield, appellant put his hand behind the driver's seat. The officers repeatedly shouted to appellant to raise his hands, but he refused to comply. At one point he briefly showed his hands, but then placed his right hand behind the seat again. Officer Bosley approached the driver's side, but could not see into the vehicle due to the side window being tinted. The officer opened the door, grabbed appellant and ordered his right arm up. The officer conducted a pat-down for weapons, and placed appellant in the cruiser.
 {¶ 5} The officers determined appellant had a suspended driver's license due to a prior drug conviction.
 {¶ 6} Officer Bosley issued appellant a traffic citation for driving under suspension and ordered his car be towed. The officers then began an inventory search of the contents of the car before the arrival of the tow truck. In addition to trash and debris, the officers found a teddy bear resembling a purse with handles and a zipper. The bear was found in the area where appellant reached with his arm during the initial encounter.
 {¶ 7} Officer Bosley unzipped the bear, finding dryer sheets wrapped around a bag of cocaine. After searching the contents of the bear, the officers completed their inventory search of the vehicle.
 {¶ 8} Appellant was indicted on one count of possession of cocaine. Following a pretrial conference, appellant filed a motion to suppress. The trial court conducted a suppression hearing on April 28, 2004. On May 3, 2004, via Judgment Entry, the trial court overruled appellant's motion to suppress. Appellant then entered a plea of no contest to the charge, and the trial court sentenced him to prison.
 {¶ 9} Appellant now appeals the trial court's May 3, 2004 Judgment Entry overruling his motion to suppress, assigning as error:
 {¶ 10} "I. The trial court erred when it overruled appellant's motion to suppress."
 {¶ 11} Appellant argues the inventory search of his vehicle was unconstitutional because the procedure utilized by the officers was merely a pretext for an evidentiary search of the impounded vehicle. Appellant cites the testimony of Officer Bosley at the April 28, 2004 suppression hearing. Appellant maintains the testimony demonstrates the officers were actually searching the vehicle for contraband, and their intent was to look for something illegal.
 {¶ 12} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982), 1 Ohio St.3d 19,437 N.E.2d 583; State v. Klein (1991), 73 Ohio App.3d 485; Statev. Guysinger (1993), 86 Ohio App.3d 592, 621 N.E.2d 726. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37, 619 N.E.2d 1141. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93,641 N.E.2d 1172; State v. Claytor (1993), 85 Ohio App.3d 623,620 N.E.2d 906; Guysinger.
 {¶ 13} Appellant challenges the trial court's ultimate conclusion finding the evidence resulted from a valid inventory search pursuant to department policy.
 {¶ 14} To satisfy the Fourth Amendment, an inventory search of a lawfully impounded vehicle must be conducted in good faith and in accordance with reasonable standardized procedures or established routine. State v. Hathman (1992),65 Ohio St.3d 403, 604 N.E.2d 743, paragraph one of the syllabus. If during a valid inventory search of a lawfully impounded vehicle a law enforcement officer discovers a closed container, the container may be opened only as part of the inventory process if there is in existence a standardized policy or practice specifically governing the opening of such containers. State v. Mesa (1999),87 Ohio St.3d 105; State v. Howard (2001),146 Ohio App.3d 335.
 {¶ 15} Officer Bosley testified at the April 28, 2004 hearing:
 {¶ 16} "A. When we tow a vehicle, the vehicle is always inventoried prior to the tow truck taking the vehicle away, and basically that's to make sure there's nothing of major value in the vehicle. If there is, it's noted on the impound sheet.
* * *
 {¶ 17} "At that point myself and Officer Riley, knowing the car — we were going to impound the vehicle due to the suspension of the driver, we began to inventory search the vehicle.
* * *
 {¶ 18} "A. At that point we began to inventory search the vehicle. Due to the fact of where we observed the driver reaching, we initially concentrated our efforts on that area not knowing if he was reaching for something or putting something away. As I just stated, the only thing in that area was the brown teddy bear."
 {¶ 19} Tr. at 12-15.
 {¶ 20} On cross-examination, Officer Bosley stated:
 {¶ 21} "BY MR. KAPLANIS: Q. Did you search any other part of the car?
 {¶ 22} "A. Yes, we did. We looked through it.
 {¶ 23} "Q. Did you do an inventory?
 {¶ 24} "A. For the impound sheet, yes." Tr. at 18.
 {¶ 25} Officer Bosley's testimony continued:
 {¶ 26} "Q. * * * You said that you began the inventory by concentrating in the area where his hand was?
 {¶ 27} "A. That's correct.
 {¶ 28} "Q. What you're doing is you suspect he may have hid something there, right?
 {¶ 29} "A. That's correct.
 {¶ 30} "Q. And you may have suspected what he hid there were drugs, right?
 {¶ 31} "A. That's possible.
 {¶ 32} "Q. That's why you're investigating him in the first place?
 {¶ 33} "A. That's why he was stopped, yeah.
* * *
 {¶ 34} "A. Could be drugs, could be a gun.
 {¶ 35} "Q. Right."
 {¶ 36} Tr. at 23-24.
 {¶ 37} Based upon the above, once the officers decided to tow the vehicle, controlling procedure and established routine directed the officers conduct an inventory search of the vehicle. While the officers obtained the teddy bear purse, a closed container, in the area where appellant reached his hand, directing their initial search in the area, they properly inventoried the remainder of the vehicle according to the inventory policy of the Canton Police Department and the officers' established routine. Though the officers may have suspected drugs would be found, the inventory search was conducted in good faith.
 {¶ 38} Based upon the above, we find the trial court properly overruled the motion to suppress, and affirm the May 3, 2004 Judgment Entry of the Stark County Court of Common Pleas.
Hoffman, P.J., Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the May 3, 2004 Judgment Entry of the Stark County Court of Common Pleas is affirmed. Costs assessed to appellant.